IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

MICHAEL EDWARD VOYLES                                                                          PLAINTIFF

VS.                                                                    CIVIL ACTION NO. 3:13cv1031-DPJ-FKB

GEORGE ZOLEY, et al.                                                                          DEFENDANTS

REPORT AND RECOMMENDATION

Michael Edward Voyles is a state prisoner currently incarcerated at East Mississippi Correctional Facility (EMCF).  Defendant George Zoley is the CEO of GEO Group, Inc., the company that formerly operated EMCF under contract with the Mississippi Department of Corrections.  Defendant Scott Marquardt is the CEO of the current operator of the prison, Management Training Corporation.  Defendant Frank Shaw is the former warden of EMCF.  Defendant Ollie Little is an employee of Health Assurance, LLC, the company that provides medical services at EMCF.  Little serves as the medical services administrator at EMCF.  Voyles brought this action pursuant to 42 U.S.C. § 1983 alleging inadequate medical care by Defendants.  Presently before the Court are the following motions for summary judgment: The motion of George Zoley [48], the motion of Frank Shaw and Scott Marquardt [50], the motion of Ollie Little [52],  and Voyles's motion [42].  Having considered the motions, responses, and the competent evidence of record, the undersigned recommends that Defendants' motions be granted and that Voyles's motion be denied.

Voyles suffers from chronic hepatitis C, which was diagnosed prior to his incarceration.  It is undisputed that he receives regular blood checks and evaluation of this condition every three months in the prison's chronic care clinic.  Voyles contends

nevertheless that his right to adequate medical care has been violated because the prison medical staff will not provide radiation treatment for his condition.

As Defendants point out in their motions, Voyles testified at the *Spears* hearing that neither George Zoley, Scott Marquardt, nor Frank Shaw has had any personal involvement in his medical care. There is no *respondeat superior* liability under § 1983. *Monnell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). Rather, a plaintiff must prove that the defendants directly participated in the denial of his constitutional rights. *Goodman v. Harris Cnty.*, 571 F.3d 388, 395 (5th Cir. 2009). Voyles has admitted the lack of involvement of Zoley, Marquardt, and Shaw. Accordingly, the claims against these defendants are subject to dismissal.

Defendant Ollie Little states in the affidavit attached to his motion that he is not authorized to prescribe medications, that he has never provided medical treatment to Plaintiff, and that he has never denied him treatment. Voyles's only allegation against Little is that he was aware of Voyles's condition. Voyles has made no allegations against Little that rise to the level of deliberate indifference to his serious medical needs. *See Easter v. Powell*, 467 F.3d 459, 463 (5th Cir. 2006). Thus, Defendant Little is entitled to dismissal of the claims against him.

Voyles's motion for summary judgment consists of various printed materials, none of which constitute competent evidence in support of his claims. He wholly fails in his motion to establish that he is entitled to judgment as a matter of law.

For these reasons, the undersigned recommends that Defendants' motions be granted and that Plaintiff's motion be denied. The parties are hereby notified that failure

to file written objections to the findings and recommendations contained in this report within fourteen (14) days from being served with a copy of this report will bar an aggrieved party, except upon grounds of plain error, from attacking on appeal proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. § 636; *Douglass v. United Service Automobile Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

    Respectfully submitted, this the 1st day of October, 2014.

                                      /s/ F. Keith Ball
                                      UNITED STATES MAGISTRATE JUDGE