UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

MICHAEL EDWARD VOYLES                                                                    PLAINTIFF

V.                                                           CIVIL ACTION NO. 3:13CV1031 DPJ-FKB

GEORGE ZOLEY, ET AL.                                                                   DEFENDANTS

ORDER

This *pro se* prisoner case is before the Court on Defendants' motions for summary judgment [48, 50, 52] and Plaintiff's motion for summary judgment [42]. Plaintiff Michael Edward Voyles, an inmate at the East Mississippi Correctional Facility (EMCF), brought this action pursuant to 42 U.S.C. § 1983, alleging that prison officials denied him adequate medical care. Voyles sued twelve defendants associated with the prison. The motions presently before the Court touch on his claims against George Zoley, CEO of GEO Group Inc. (the former private prison administrator of EMCF); Scott Marquardt, CEO of Management and Training Corp. (the current private prison administrator); Frank Shaw, the former warden of EMCF; John Wright, another former warden of EMCF; and Ollie Little, the medical services administrator at EMCF.

Voyles was diagnosed with Hepatitis C in 2007. Compl. [1] at 4. He claims that he would benefit from radiation treatment or interferon, and Defendants have denied him access to both treatments. The matter was referred to United States Magistrate Judge F. Keith Ball for Report and Recommendation. After conducting an omnibus hearing on March 26, 2014, Judge Ball recommended granting Defendants' motions and denying Plaintiff's motion. Voyles filed a

timely objection, but it is conclusory and fails to address any of the substantive legal or factual issues.[1] Voyles did express his wish to withdraw his claims against Defendant Ollie Little.

1.     Claims against Zoley, Marquardt, and Shaw

Voyles testified at the omnibus hearing that neither Zoley, Marquardt, Wright, nor Shaw had any personal involvement in his medical care. Hr'g Tr. [52-1] at 15–19.[2] All of these defendants merely held supervisory positions. As Judge Ball pointed out, there is no respondeat superior liability under § 1983. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); R&R [65] at 2. The Report and Recommendation is adopted; Defendants' motions are granted; and Plaintiff's claims against Zoley, Marquardt, Wright, and Shaw are dismissed.

2.     Claims against Little

Voyles consented to dismissal of his claims against Little in his Objection [68]. Moreover, Judge Ball's conclusion that Voyles failed to allege conduct amounting to deliberate indifference to his medical needs is correct. R&R [65] at 2. The Report and Recommendation is adopted; Defendant Little's motion for summary judgment is granted; and Plaintiff's claims against Little are dismissed.

---

[1] Voyles also filed a motion to present witness [66], which the Court denied in its October 17, 2014 Order [67]. In that Order, the Court allowed Voyles until October 27 to file his Objection, in case he believed the filing of the motion stayed the deadline. The extension turned out to be unnecessary; Voyles signed his Objection on October 14.

[2] Defendant John Wright has not been properly served. Unexecuted Summons [21]. Nevertheless, the Court finds Plaintiff's claims against Wright, which are based entirely on respondeat superior, are due to be dismissed.

3.  Plaintiff's Motion for Summary Judgment

The Court has also reviewed Plaintiff's motion for summary judgment [42]. The Court agrees with Judge Ball's description of it as a collection of various printed materials—including photocopies of news articles and pages from "A Jailhouse Lawyer's Manual"—and agrees that Voyles has not established that he is entitled to judgment as a matter of law. The Report and Recommendation is adopted; Plaintiff's motion for summary judgment [42] is denied.

4.  Remaining Defendants

Two served defendants remain in this action—Bridget Smith and Michael Reddix. Plaintiff's claims against those defendants remain pending.

There are three remaining defendants that have not been properly served—Unknown Tucker, a nurse at EMCF; Donna Ferguson, a former health services administrator at EMCF; and Maurice Marholin, a doctor at EMCF. Unexecuted summonses for these individuals were docketed on January 23, 2014. The issue was addressed at the omnibus hearing. Counsel for George Zoley indicated that he would inquire as to current addresses for Tucker and Marholin, but the docket does not reflect that summonses were re-issued or whether counsel was unsuccessful in his efforts. Hr'g Tr. [52-1] at 5–7. So, counsel for Zoley is directed to update the Court as to the status of his attempts to obtain addresses for these defendants within fourteen (14) days of this Order and file a notice accordingly.

Counsel for Zoley also indicated at the omnibus hearing that the last known address he had for Ferguson was not valid. *Id.* at 6. Judge Ball accepted this representation and did not require further inquiry. *Id.* "[A] plaintiff proceeding *in forma pauperis* is entitled to rely upon service by the U.S. Marshals and should not be penalized for failure of the Marshal's Service to

3

properly effect service of process, where such failure is through no fault of the litigant." *Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987). However, "a plaintiff may not remain silent and do nothing to effectuate service" and "should attempt to remedy any apparent service defects of which a plaintiff has knowledge." *Id.* (affirming dismissal for failure to prosecute due to "inaction and dilatoriness on [the plaintiff's] part"); *see also Smith v. Belle*, 321 F. App'x 838, 845 (11th Cir. 2009) (affirming dismissal for lack of service of process where prisoner, proceeding *ifp*, failed to provide a current address for the defendant); *Clay v. Allen*, 87 F. App'x 1000 (5th Cir. 2004) (per curiam) (finding dismissal of defendant, a court reporter, for lack of service was not an abuse of discretion) (citing *Rochon*); *McWherter v. Collins*, 71 F.3d 875 (5th Cir. 1995) (per curiam) (affirming dismissal where the *pro se* prisoner plaintiff knew of the problem with service and failed to act). Here, the U.S. Marshal's Service attempted to serve Ferguson without success in January 2014. Voyles knew no later than March 2014 that service failed and no current address was available, but he took no further action. Plaintiff's claims against Ferguson are dismissed without prejudice for failure to serve and failure to prosecute.

5.  Conclusion

Based on the foregoing, the Court finds that the Report and Recommendation [65] is adopted as the finding of this Court. Defendants' motions for summary judgment [48, 50, 52] are granted; Plaintiff's motion for summary judgment [42] is denied. Plaintiff's claims against Zoley, Marquardt, Shaw, Wright, and Little are dismissed with prejudice. Plaintiff's claims against Ferguson are dismissed without prejudice.

Finally, counsel for Zoley is directed to update the Court as to the status of his attempts to obtain addresses for Tucker and Marholin within fourteen (14) days of this Order and file a notice accordingly.

**SO ORDERED AND ADJUDGED** this the 23rd day of October, 2014.

                                                s/ *Daniel P. Jordan III*
                                                UNITED STATES DISTRICT JUDGE